**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO, WESTERN DIVISION**

| | |
|---|---|
| ASSOCIATED INDUSTRIES INSURANCE COMPANY, INC., | )<br>)<br>) Case: |
| Plaintiff, | )<br>) |
| v. | ) Judge _____<br>) |
| BELL FLAVORS & FRAGRANCES, INC., LISHA BEEKMAN, DUSTIN BEEKMAN, SERENA BLEVINS, VICKY CAMP, DAVID CAREY, CHRISTINA CAREY, JERRY CREECH II, KAYLA DANIELS-TRAPP, ANNISA DAVIS, GLENN DAVIS, LUCRETIA LOWE, RANDY LOWE, PEGGY NEWMAN, SHANE NEWMAN, CASSIE SHREWSBURY, TERRY MAYSE, and DEBORAH MAYSE, | ) Magistrate Judge _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, Associated Industries Insurance Company, Inc. ("Associated"), by and through its undersigned counsel, as and for its Complaint for Declaratory Judgment against Defendants Bell Flavors & Fragrances, Inc. ("Bell Flavors"), as well as Lisha Beekman, Dustin Beekman, Serena Blevins, Vicky Camp, David Carey, Christina Carey, Jerry Creech II, Kayla Daniels-Trapp, Annisa Davis, Glenn Davis, Lucretia Lowe, Randy Lowe, Peggy Newman, Shane Newman, Cassie Shrewsbury, Terry Mayse, and Deborah Mayse (collectively the "Underlying Plaintiffs"), states as follows:

**NATURE OF THE ACTION**

1. In this action, Associated seeks a determination of its rights and obligations under insurance policies issued to Defendant Bell Flavors in connection with certain Underlying Actions (defined herein) filed by the Underlying Plaintiffs, which assert claims against Bell Flavors.

2. The Underlying Actions are pending in the Court of Common Pleas, Hamilton County, Ohio.

3. Plaintiff Associated issued successive Commercial General Liability Policies (the "Policies" as defined herein) to Bell Flavors, as described more fully below.

4. Defendant Bell Flavors tendered the claims asserted against it in the Underlying Actions to Associated for a defense and indemnity under the Policies.

5. The scope of coverage available to Defendant Bell Flavors in connection with the claims asserted against it in the Underlying Actions are governed by the terms, conditions, and exclusions of the Policies.

## JURISDICTION AND VENUE

6. Jurisdiction in this matter is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1).

7. Plaintiff Associated is a corporation organized under the laws of Florida with its principal place of business in Boca Raton, Florida.

8. Defendant Bell Flavors is a corporation organized under the laws of Illinois with its principal place of business in Northbrook, Illinois.

9. Defendants Lisha Beekman and Dustin Beekman are residents of Peebles, Ohio and citizens of the State of Ohio.

10. Defendant Serena Blevins is a resident of Beaver, Ohio and a citizen of the State of Ohio.

11. Defendant Vicky Camp is a resident of Racine, Ohio and a citizen of the State of Ohio.

12. Defendants David Carey and Christina Carey are residents of Cheshire, Ohio and citizens of the State of Ohio.

13. Defendant Jerry Creech II is a resident of Minford, Ohio and a citizen of the State of Ohio.

14. Defendant Kayla Daniels-Trapp is a resident of Coalton, Ohio and a citizen of the State of Ohio.

15. Defendants Annisa Davis and Glenn Davis are residents of Oak Hill, Ohio and citizens of the State of Ohio.

16. Defendants Lucretia Lowe and Randy Lowe are residents of Hamden, Ohio and citizens of the State of Ohio.

17. Defendants Peggy Newman and Shane Newman are residents of McArthur, Ohio and citizens of the State of Ohio.

18. Defendant Cassie Shrewsbury is a resident of Jackson, Ohio and a citizen of the State of Ohio.

19. Defendants Terry Mayse and Deborah Mayse are residents of Columbus, Ohio and citizens of the State of Ohio.

20. Associated does not assert any claims against the Underlying Plaintiffs but they have been named as defendants in this action solely as necessary and indispensable parties.

21. Diversity jurisdiction exists because: (a) there is complete diversity of citizenship between Plaintiff Associated, on the one hand, and Defendants Bell Flavors and the Underlying Plaintiffs, on the other hand; and (b) the amount in controversy, including the potential costs of defending and indemnifying Bell Flavors with regard to the Underlying Actions, exceeds $75,000.

22. Venue is appropriate under 28 U.S.C. § 1391(b)(2) since a substantial part of the events giving rise to this action occurred in this judicial district.

23. An actual justiciable controversy exists between Associated, on the one hand, and Bell Flavors and the Underlying Plaintiffs, on the other hand, and by the terms and

provisions of Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202, this Court is invested with the power to declare the rights and liability of the parties hereto and to grant such relief as it deems necessary and proper.

## THE UNDERLYING ACTIONS

24. The Underlying Plaintiffs have filed first amended complaints (collectively, the "Complaints") in eleven separate lawsuits pending against, *inter alia*, Defendant Bell Flavors in the Court of Common Pleas, Hamilton County, Ohio (collectively, the "Underlying Actions"). A true and correct copy of the Underlying Complaints in the Underlying Action are attached hereto as **Group Exhibit A,** numbered AIIC0001– AIIC0493.

25. The Complaints allege that the Underlying Plaintiffs worked at a plant owned and/or operated by Bellisio Foods located in Jackson, Ohio (the "Plant"), during various time frames where the Underlying Plaintiffs processed, manufactured, packaged, and/or repackaged food products. *See* Group Ex. A, at AIIC0028; AIIC0073; AIIC0118; AIIC0163; AIIC0208; AIIC0253; AIIC0298; AIIC0344; AIIC0390; AIIC0436; AIIC0483.

26. The Complaints allege the Underlying Plaintiffs were employed at Bellisio Foods' Plant during the following time periods:

i) Defendant Jerry Creech II was employed at the Plant from 1998 to 2000 and from 2010 to 2012;

ii) Defendant Vicky Camp was employed at the Plant from 2005 to the present;

iii) Defendant Peggy Newman was employed at the Plant from 2009 to the present;

iv) Defendant Lucretia Lowe was employed at the Plant from 2006 to 2015;

v) Defendant Kayla Daniels-Trapp was employed at the Plant from 2009 to 2019;

vi) Defendant David Carey was employed at the Plant from 2011 to the present;

vii) Defendant Cassie Shrewsbury was employed at the Plant from 2008 to the present;

    viii) Defendant Serena Blevins was employed at the Plant in 1997 and from August 2007 to the present;

    ix) Defendant Lisha Beekman was employed at the Plant from 2003 to 2006 and from 2014 to 2016;

    x) Defendant Annisa Davis was employed at the Plant from 2001 to the present; and

    xi) Terry Mayse was employed at the Plant from 2009 to 2012.

*See* Group Ex. A, at AIIC0028; AIIC0073; AIIC0118; AIIC0163; AIIC0208; AIIC0253; AIIC0298; AIIC0344; AIIC0390; AIIC0436; AIIC0483.

    27.    The Complaints further allege that, while working at the Plant, the Underlying Plaintiffs suffered exposure to diacetyl, 2,3 pentanedione, 2,3 hexanedione, 3,4 hexanedione, 2,3 heptanedione, other alpha-diketones, diacetyl trimer, acetoin, and/or other chemicals or ingredients used in flavoring formulas/recipes. *See* Group Ex. A, at AIIC0028; AIIC0073; AIIC0118; AIIC0163; AIIC0208; AIIC0253; AIIC0298; AIIC0344; AIIC0390; AIIC0436; AIIC0483.

    28.    The Complaints further allege that, as a result of the exposure to toxic flavorings, the Underlying Plaintiffs suffer from lung disease and impairment. The Complaints specifically allege that Defendant Bell Flavors designed, manufactured, supplied, and/or distributed toxic flavorings which were supplied to Bellisio Foods and used at the Plant while the Underlying Plaintiffs were employed there. *See* Group Ex. A, at AIIC0029; AIIC0074; AIIC0119; AIIC0164; AIIC0209; AIIC0254; AIIC0299; AIIC0345; AIIC0391; AIIC0437; AIIC0484.

    29.    The Complaints assert causes of actions against, *inter alia*, Defendant Bell Flavors for Strict Product Liability (Design Defect); Strict Product Liability (Inadequate Warning or Instruction); Strict Product Liability (Failure to Conform to Representation(s)); Negligence of Supplier; and Punitive Damages. *See* Group Ex. A, at AIIC0030-38; AIIC0074-

AIIC0082; AIIC0120-128; AIIC0164-173; AIIC0209-217; AIIC0254-262; AIIC0299-307; AIIC0345-353; AIIC0392-400; AIIC0437-445; AIIC0484-493.

30. Certain Complaints filed in the Underlying Actions also assert a count for Loss of Consortium. *See* Group Ex. A, at AIIC0037; AIIC0172; AIIC0306; AIIC0352-353; AIIC0399-400; AIIC0492.

## THE POLICIES

31. Plaintiff Associated Industries Insurance Company issued four successive policies to Defendant Bell Flavors which were in effect between December 1, 2018 and December 1, 2022 (collectively, the "Policies"). A true and accurate copy of the Policies are attached hereto as **Group Exhibit B**, numbered AIIC0494– AIIC0945.

32. The Policies each provide Commercial General Liability coverage, subject to limits of liability of $1 million per Each Occurrence, $1 million Personal and Advertising Limit and a $5 million General Aggregate, subject to a $5,000 per occurrence/per offense deductible. *See* Group Ex. B, at AIIC0500; AIIC0586; AIIC0608; AIIC0694; AIIC0718; AIIC0810; AIIC0836; AIIC0928.

33. The Policies contain substantially similar terms and provisions, which are set forth below as contained in Policy No. AES1085302 01, which was in effect between December 1, 2018 to December 1, 2019.

34. Coverage A under the Commercial General Liability Part of the Policies provides, in pertinent part, as follows:

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to

>
> defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:
>
> **(1)** The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and
>
> **(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.
>
> \* \* \*
>
> **b.** This insurance applies to "bodily injury" and "property damage" only if:
>
> **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"
>
> **(2)** The "bodily injury" or "property damage" occurs during the policy period; and
>
> \* \* \*

*See* Group Ex. B, at AIIC0512; AIIC0620; AIIC0732; AIIC0852.

35. Coverage B under the Commercial General Liability Part of the Policies provides, in pertinent part, as follows:

> **COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY**
>
> **1. Insuring Agreement**
>
> **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. . . .
>
> \* \* \*

*See* Group Ex. B, at AIIC0516; AIIC0624; AIIC0736; AIIC0856.

36. Section V – Definitions of the Policies contains the following relevant definitions:

\* \* \*

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

\* \* \*

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

14. "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

   a. False arrest, detention or imprisonment;

   b. Malicious prosecution;

   c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

   d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products, or services;

   e. Oral or written publication, in any manner, of material that violate a person's right of privacy;

   f. The use of another's advertising idea in your "advertisement"; or

   g. Infringing upon another's copyright, trade dress or slogan in your "advertisement".

\* \* \*

17. "Property damage" means:

   a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

   b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

For the purposes of this insurance, electronic data is not tangible property.

\* \* \*

*See* Group Ex. B, at AIIC0523-525; AIIC0631-633; AIIC0743-745; AIIC0863-865.

37. The Policies contain the following Exclusion – Continuous, Progressive or Repeated Offenses endorsement (hereinafter referred to as the "Continuous & Progressive Endorsement"):

> **2.** **Exclusions**
>
> This insurance does not apply to "bodily injury", "property damage", or "personal and advertising injury" including continuous, progressive or repeated "bodily injury", "property damage", or "personal and advertising injury"
>
> **Continuous, Progressive or Repeated Offenses:**
>
> **(1)** that first occurs, in whole or in part, prior to the effective date of this policy;
>
> **(2)** first occurs, in whole or in part, prior to the effective date of this policy and also occurs during the policy period;
>
> **(3)** first occurs, in whole or in part, prior to the effective date of this policy, also occurs during the policy period, and ceases to occur after the expiration or cancellation date of this policy;
>
> **(4)** first occurs, in whole or in part, after the expiration or cancellation date of this policy; or
>
> **(5)** is alleged in a "suit" against any Insured where the filing date of the original complaint or other pleading initiating that "suit" is a date preceding the effective date of this policy, regardless of whether any Insured was named as a party to, or was served with process regarding, that "suit" prior to the effective date of this policy.
>
> The exclusions stated in Paragraphs **(1), (2), (3), (4)** and **(5)** apply regardless of whether the "bodily injury", "property damage", or "personal and advertising injury" was or is known or unknown by any Insured.
>
> For purposes of the exclusions stated in Paragraphs **(1), (2), (3), (4)** and **(5)**, in the event of continuous, progressive or repeated "bodily injury", "property damage", or "personal and advertising injury" over any length of time, such "bodily injury" or "property damage" shall be deemed to be one "occurrence" and shall be deemed to occur at the time the "bodily

injury", "property damage" or "personal and advertising injury" first begins.

*See* Group Ex. B, at AIIC0590; AIIC0698; AIIC0814; AIIC0932.

38. The Policies also contain a Deductible Liability Endorsement which provides a $5,000 deductible per occurrence for bodily injury claims. *See* Group Ex. B, at AIIC0586; AIIC0694; AIIC0810; AIIC0928.

## THIS DISPUTE

39. Defendant Bell Flavors has sought a defense and indemnity from Plaintiff Associated under the Policies in connection with the claims asserted against it in the Underlying Actions.

40. Plaintiff Associated has determined through its coverage investigation that it owes no obligation to defend or indemnify Defendant Bell Flavors in connection with the claims asserted against it in the Underlying Actions.

41. Plaintiff Associated has advised Defendant Bell Flavors in writing that it disclaims any obligation under the Policies to provide a defense and/or indemnify Defendant Bell Flavors in connection with the claims asserted against it in the Underlying Actions.

42. Plaintiff Associated now brings this action to obtain a judicial declaration that it owes no duties under the Policies to defend or indemnify Defendant Bell Flavors in connection with the claims asserted against it in the Underlying Action.

## COUNT I
## No Duty to Defend or Indemnify Under Coverage A of the Policies – Defendants Beekman, Creech II, Lowe, Mayse

43. Plaintiff Associated incorporates by reference herein paragraphs 1 through 42, as if the same were fully set forth at length.

44. The Insuring Agreement of Coverage A of the Commercial General Liability Part of the Policies provides, in pertinent part, that "[Associated] will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property

damage' to which this insurance applies. . . ." *See* Group Ex. B, at AIIC0512; AIIC0620; AIIC0732; AIIC0852.

45. The Insuring Agreement of Coverage A further provides that "[t]his insurance applies to 'bodily injury' and 'property damage' only if . . . [t]he 'bodily injury' or 'property damage' is caused by an "occurrence" that takes place in the "coverage territory" and '[t]he 'bodily injury' or 'property damage' occurs during the policy period." *See* Group Ex. B, at AIIC0512; AIIC0620; AIIC0732; AIIC0852.

46. The Policies define "bodily injury" to mean "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time." The Policies define "property damage" to mean "[p]hysical injury to tangible property, including all resulting loss of use of that property" or "[l]oss of use of tangible property that is not physically injured." *See* Group Ex. B, at AIIC0525; AIIC0633; AIIC0745; AIIC0865.

47. The Underlying Complaints in the Underlying Action do not allege that the plaintiffs suffered "property damage" as defined in the Policies for which they seek to impose liability against Bell Flavors.

48. However, to the extent the Underlying Complaints filed in the Underlying Actions could reasonably be interpreted as alleging the Underlying Plaintiffs sustained "bodily injury" as defined under the Policies, the insuring agreement of Coverage A further provides that the insurance provided under the Policies applies to "bodily injury" only if, *inter alia*, the "bodily injury" occurs during the policy period. *See* Group Ex. B, at AIIC0512; AIIC0620; AIIC0732; AIIC0852.

49. The Policies were in effect between December 1, 2018 and December 1, 2022. *See* Group Ex. B, at AIIC0498; AIIC0606; AIIC0716; AIIC0834.

50. The Complaint filed by Defendant Lisha Beekman alleges that she was employed at the Plant and exposed to toxic flavorings from 2003 to 2006 and from 2014 to

2016. *See* Group Ex. A, at AIIC0028. The Complaint filed by Defendant Jerry Creech II alleges that he was employed at the Plant and exposed to toxic flavorings from 1998 to 2000 and from 2010 to 2012. *See* Group Ex. A, at AIIC0208. The Complaint filed by Defendant Lucretia Lowe alleges that she was employed at the Plant and exposed to toxic flavorings from 2006 to 2015. *See* Group Ex. A, at AIIC0343. The Complaint filed by plaintiff Terry Mayse alleges that she was employed at the Plant and exposed to toxic flavors from 2009 to 2012. *See* Group Ex. A, at AIIC0483.

51. Since the Complaints filed by Defendants Beekman, Creech, Lowe, and Mayse allege that they only worked at the Plant during time periods outside the effective periods of the Policies, the allegations in those Complaints do not seek to impose liability against Defendant Bell Flavors for "bodily injury" that occurred during the Policies' effective periods and, therefore, the coverage afforded under the Policies does not apply to the claims asserted against Defendant Bell Flavors by Defendants Beekman, Creech, Lowe, and Mayse.

52. Accordingly, Plaintiff Associated disclaims any obligation under the Policies to defend or indemnify Defendant Bell Flavors in connection with the claims asserted against it in the Underlying Actions filed by Defendants Lisha Beekman, Jerry Creech II, Lucretia Lowe, and Terry Mayse because such claims fail to satisfy the requirements of the Insuring Agreement of Coverage A of the Commercial General Liability Coverage Part of the Policies.

WHEREFORE, Plaintiff Associated seeks a judgment that it owes no duty under the Policies to defend or indemnify Defendant Bell Flavors in connection with the claims asserted in the Underlying Actions by Defendants Beekman, Creech II, Lowe, and Mayse.

### COUNT II
### No Duty to Defend or Indemnify Under Coverage A of the Policies – All Underlying Plaintiffs

53. Plaintiff Associated incorporates by reference herein paragraphs 1 through 52, as if the same were fully set forth at length.

54. The Insuring Agreement of Coverage A of the Commercial General Liability Part of the Policies provides, in pertinent part, that "[Associated] will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies. . . ." *See* Group Ex. B, at AIIC0512; AIIC0620; AIIC0732; AIIC0852.

55. The Insuring Agreement of Coverage A further provides that "[t]his insurance applies to 'bodily injury' and 'property damage' only if . . . [t]he 'bodily injury' or 'property damage' is caused by an "occurrence" that takes place in the "coverage territory" and '[t]he 'bodily injury' or 'property damage' occurs during the policy period." *See* Group Ex. B, at AIIC0512; AIIC0620; AIIC0732; AIIC0852.

56. The Policies define "bodily injury" to mean "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time." The Policies define "property damage" to mean "[p]hysical injury to tangible property, including all resulting loss of use of that property" or "[l]oss of use of tangible property that is not physically injured. *See* Group Ex. B, at AIIC0525; AIIC0633; AIIC0745; AIIC0865.

57. The Complaints in the Underlying Action do not allege that the Underlying Plaintiffs suffered "property damage" as defined in the Policies for which they seek to impose liability against Defendant Bell Flavors.

58. To the extent the allegations contained in the Complaints filed in the Underlying Actions by the Underlying Plaintiffs could reasonably be interpreted as satisfying the requirements of coverage under the insuring agreement of Coverage A, the Continuous & Progressive Endorsement contained in the Policies would operate to preclude coverage for such claims.

59. The Continuous & Progressive Endorsement provides, in pertinent part, that "[t]his insurance does not apply to 'bodily injury' . . . including continuous, progressive or

repeated 'bodily injury' that "first occurs, in whole or in part, prior to the effective date of this policy and also occurs during the policy period" or "first occurs, in whole or in part, prior to the effective date of this policy and also occurs during the policy period". *See* Group Ex. B, at AIIC0590; AIIC0698; AIIC0814; AIIC0932.

60. The Continuous & Progressive Endorsement further provides, in pertinent part, that "in the event of continuous, progressive or repeated 'bodily injury' . . . over any length of time, such 'bodily injury' shall be deemed to be one 'occurrence' and shall be deemed to occur at the time the 'bodily injury' . . . first begins." *See* Group Ex. B, at AIIC0590; AIIC0698; AIIC0814; AIIC0932.

61. The Complaints filed in the Underlying Actions allege that, as a result of their exposure to toxic flavorings during their employment at the Plant, the Underlying Plaintiffs suffered from lung disease and impairment. Specifically, the Complaints filed in the Underlying Actions allege that Defendant Jerry Creech II was employed at the Plant and exposed to toxic flavorings from 1998 to 2000 and from 2010 to 2012 (*See* Group Ex. A, at AIIC0208); Defendant Vicky Camp was employed at the Plant and exposed to toxic flavorings from 2005 to the present (*See* Group Ex. A, at AIIC0118); Defendant Peggy Newman was employed at the Plant and exposed to toxic flavorings from 2009 to the present (*See* Group Ex. A, at AIIC0390); Defendant Lucretia Lowe was employed at the Plant and exposed to toxic flavorings from 2006 to 2015 (*See* Group Ex. A, at AIIC0343); Defendant Kayla Daniels-Trapp was employed at the Plant and exposed to toxic flavorings from 2009 to 2019 (*See* Group Ex. A, at AIIC0253); Defendant David Carey was employed at the Plant and exposed to toxic flavorings from 2011 to the present (*See* Group Ex. A, at AIIC0163); Defendant Cassie Shrewsbury was employed at the Plant and exposed to toxic flavorings from 2008 to the present (*See* Group Ex. A, at AIIC0436); Defendant Serena Blevins was employed at the Plant and exposed to toxic flavorings in 1997 and from August 2007 to the present (*See* Group Ex. A, at

AIIC0073); Defendant Lisha Beekman was employed at the Plant and exposed to toxic flavorings from 2003 to 2006 and from 2014 to 2016 (*See* Group Ex. A, at AIIC0028); Defendant Annisa Davis was employed at the Plant and exposed to toxic flavorings from 2001 to the present (*See* Group Ex. A, at AIIC0297); and Defendant Terry Mayse was employed at the Plant and exposed to toxic flavors from 2009 to 2012 (*See* Group Ex. A, at AIIC0483).

62. The Policies were in effect between December 1, 2018 and December 1, 2022. *See* Group Ex. B, at AIIC0498; AIIC0606; AIIC0716; AIIC0834.

63. The Complaints filed in the Underlying Actions all allege that the Underlying Plaintiffs sustained "bodily injury" from exposure to toxic flavoring during their employment at the Plant which first occurred, in whole or in part, prior to the effective date of the Policies or, alternatively, first occurred, in whole or in part, prior to the effective date of the Policies and also occurred during the effective period of the Policies.

64. Accordingly, even if the allegations of the Complaint filed in the Underlying Actions meet the requirements of the insuring agreement of Coverage A, coverage for the claims asserted against Defendant Bell Flavors in the Underlying Actions would be precluded by the operation of the Continuous & Progressive Endorsement of the Policies.

WHEREFORE, Plaintiff Associated seeks a judgment that it owes no duty under the Policies to defend or indemnify Defendant Bell Flavors in connection with the claims asserted in the Underlying Actions.

### COUNT III
### No Duty to Defend or Indemnify Under Coverage B of the Policies – All Underlying Plaintiffs

65. Plaintiff Associated incorporates by reference herein paragraphs 1 through 64, as if the same were fully set forth at length.

66. The Insuring Agreement of Coverage B of the Commercial General Liability Part of the Policies provides that "[Associated] will pay those sums that the insured becomes

legally obligated to pay damages because of 'personal and advertising injury' to which this insurance applies. . . . However, we will have no duty to defend the insured against any 'suit' seeking damages for 'personal and advertising injury' to which this insurance does not apply." *See* Group Ex. B, at AIIC0516; AIIC0624; AIIC0736; AIIC0856.

67. The Policies' definition of "personal and advertising injury" contains seven enumerated offenses. *See* Group Ex. B, at AIIC0525; AIIC0633; AIIC0745; AIIC0865.

68. The Complaints in the Underlying Actions do not allege that the Underlying Plaintiffs sustained "personal and advertising injury," as defined under the Policies, as a result of Defendant Bell Flavors' designing, manufacturing, suppling, and/or distributing of toxic flavorings that were used at the Bellisio Foods Plant. As a result, the Complaints in the Underlying Actions do not seek to impose liability against Defendant Bell Flavors for damages because of "personal and advertising injury" as defined in the Policies.

69. Accordingly, Plaintiff Associated disclaims any obligation under the Policies to defend or indemnify Bell Flavors in connection with the claims asserted against it in the Underlying Actions because such claims fail to satisfy the requirements of the Insuring Agreement of Coverage B of the Commercial General Liability Coverage Part of the Policies.

WHEREFORE, Plaintiff Associated seeks a judgment that it owes no duty under the Policies to defend or indemnify Defendant Bell Flavors in connection with the claims asserted in the Underlying Actions.

**PRAYER FOR RELIEF**

Plaintiff Associated Industries Insurance Company hereby respectfully requests the entry of an order and judgment in its favor and against Defendant Bell Flavors, declaring as follows:

    a.    This court has jurisdiction over the parties and the subject matter of this litigation;

b. The Policies does not provide coverage to Defendant Bell Flavors for the claims asserted against in the Underlying Actions;

c. Associated Industries Insurance Company does not owe a duty under the Policies to defend or reimburse defense costs incurred by Defendant Bell Flavors in connection with the claims asserted in the Underlying Actions;

d. Associated Industries Insurance Company does not owe a duty under the Policies to indemnify Defendant Bell Flavors in connection with the claims asserted in the Underlying Actions;

e. Associated Industries Insurance Company is entitled to an award of its costs; and

f. Such other further relief as this Court deems just and appropriate.

Respectfully submitted,

*/s/ Patrick Kasson*
Patrick Kasson (0055570) (Trial Attorney)
Mrinali Sethi (0101295)
**REMINGER CO., L.P.A.**
200 Civic Center Drive, Suite 800
Columbus, Ohio 43215
(614) 228-1311 / Fax: (614) 232-2410
pkasson@reminger.com
msethi@reminger.com

&

*/s/ James J. Hickey*
James J. Hickey, Atty. No. 6198334*
Colin B. Willmott, Atty. No. 6317451*
KENNEDYS CMK
100 North Riverside Plaza, Suite 2100
Chicago, IL 60606
Phone: (312) 800-5029
Fax: (312) 207-2110
James.Hickey@kennedyslaw.com
Colin.Willmott@kennedyslaw.com
**Pro hac vice applications forthcoming*

*Attorneys for Associated Industries Insurance Company, Inc.*